**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC, § § *Plaintiff,* § § v. § § WHATABURGER RESTAURANTS, LLC, § § *Defendant.* § | Civil Action No. _____ Jury Trial Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff DietGoal Innovations LLC files this Complaint against Whataburger Restaurants, LLC (the "Defendant") and alleges as follows:

**PARTIES**

1. Plaintiff DietGoal Innovations LLC ("DietGoal Innovations") is a Texas Limited Liability Company based in Austin, Texas.

2. Upon information and belief, Defendant Whataburger Restaurants, LLC ("Whataburger") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 300 Concord Plaza Drive, San Antonio, Texas 78216. Whataburger may be served with process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Whataburger is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas. Therefore, this Court has personal jurisdiction over Whataburger under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Whataburger has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

7. On July 1, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,585,516 (the "'516 patent") entitled "Method and System for Computerized Visual Behavior Analysis, Training, and Planning," a true copy of which is attached as Exhibit A.

8. DietGoal Innovations is the exclusive licensee of the '516 patent and possesses all rights to sue for and recover all past, present and future damages for infringement of the '516 patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,585,516

9. Defendant Whataburger has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.whataburger.com which has a computerized meal planning interface at http://www.whataburger.com/browse_build_a_meal.php.

10. As a direct and proximate consequence of the acts and practices of Whataburger in infringing, directly and/or indirectly, one or more claims of the '516 patent, DietGoal Innovations has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

11. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to DietGoal Innovations.

12. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and DietGoal Innovations is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

13. DietGoal Innovations, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DietGoal Innovations requests entry of judgment that:

1. Whataburger has infringed the patent-in-suit;

2. Whataburger account for and pay to Plaintiff all damages caused by its infringement of the patent-in-suit; and

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiff; and

6. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 13, 2012

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Niky Bukovcan*
Christopher M. Joe (Lead Counsel)
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1278
Facsimile: (214) 635-1831

**ATTORNEYS FOR PLAINTIFF
DIETGOAL INNOVATIONS LLC**